UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:12-cv-62080-RSR

SIG, INC. d/b/a VISONIC
SYSTEMS, a Florida corporation,
and SECURE2WARE, INC., a Florida
corporation, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

vs.

AT&T DIGITAL LIFE, INC., a New York
corporation f/k/a XANBOO, INC. and
AT&T TELEHOLDINGS, INC.
a Delaware corporation,

       Defendants.
_____/

**MOTION FOR DISMISSAL**
**AND INCORPORATED MEMORANDUM OF LAW**

NOW COME the Plaintiffs SIG, INC. d/b/a VISONIC SYSTEMS and SECURE2WARE, INC. (collectively "Plaintiffs") and, by and through their undersigned remaining counsel, Stephen G. Grygiel, respectfully provide this Motion for Dismissal and Incorporated Memorandum of Law under Fed. R. Civ. P. 41(a)(1)(A)(ii), or, in the alternative, under Fed. R. Civ. P. 41(a)(2),[1] for the reasons stated in the incorporated Memorandum of Law.

---

[1] Plaintiffs' counsel spoke by telephone, and further communicated by email today, October 31, 2013 with Defendants' counsel. Plaintiffs' counsel stated that, in light of the withdrawal of the firms of Keefe Bartels and Eichen Crutchlow Zaslow and McElroy, and the lack of any substitute law firm(s), Plaintiffs needed to take a dismissal and asked if Defendants would consent to dismissal by stipulation.  Fed. R. Civ. P. 41(a)(1)(A)(ii). William Meyer, one of AT&T's defense counsel, cordially stated that he understood the situation as explained and, while he did not anticipate any objection, of course needed to speak with his client and get back to me.  We did not specifically discuss whether dismissal would be with or without prejudice.  Mr. Meyer called back to say his client was traveling and that AT&T would probably not be able to provide its answer until Monday.  In light of the circumstances, explained in the incorporated Memorandum of Law, undersigned counsel believed the Court and parties would be best served by filing this Motion today and updating the Court on Monday, November 4, 2013.

## BACKGROUND

1. This is a putative class action. Defendants sent some 748 termination letters to their dealers, setting the outer bound of the numerosity requirement. Fed. R. Civ. P. 23(a)(1).

2. Plaintiffs' brought their case in good faith. The case is meritorious. The Court's Order granting Motion to Dismiss September 12, 2013 [DE 62] ruling on the Defendant's Motions to Dismiss sustained 7 of the Plaintiffs' 10 claims against the Defendants.

3. Discovery thus far has confirmed the Plaintiffs' case is meritorious. Defendant has produced documents showing, for example, that Defendants apparently planned to terminate the Plaintiffs and the other dealers well before Defendants told the dealers. Plaintiffs contend that delay caused additional damages and constituted, among other things, a violation of the duty of good faith and fair dealing. *See* Plaintiffs' October 8, 2013 Motion for Immediate Stay and Two Month Enlargement of All Deadlines ("Stay Motion") [DE 66] at pages 6-8 (discussing merits of case).

4. Among other things, Plaintiffs' Stay Motion discussed Mr. Grygiel's impending separation from Keefe Bartels ("KB"). KB was representing the Plaintiffs and putative class with the firm of Eichen Crutchlow Zaslow & McElroy ("ECZM"), with the Law Offices of Douglas P. Solomon acting as local counsel.

5. Plaintiffs' Stay Motion discussed Mr. Grygiel's need for time to identify and engage another firm or firms to work on the Plaintiffs' case, given his pending separation from KB, the magnitude of the work required and lack of any affiliation with another firm to handle the case.

---

The undersigned provided a copy of this Motion and Incorporated Memorandum of Law to Defendants' counsel before filing it. If Defendants are amenable to dismissal, the Plaintiffs will proceed under Fed. R. Civ. P. 41(a)(1)(ii). Otherwise, Plaintiffs will proceed under Fed. R. Civ. P. 41(a)(2).

6.      Mr. Grygiel's last day at KB was September 30, 2013. Mr. Grygiel could have filed a Notice of Withdrawal from this case on or before that date. Similarly, the Plaintiffs could have taken a voluntary dismissal as of right, free from conditions, under Fed. R. Civ. P. 41(a)(1)(A)(i) before Defendants filed their Answer on October 15, 2013 [DE 67] to the Amended Complaint. *See, e.g., Wolters Kluwer Fin. Serv., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

7.      Mr. Grygiel did not file a withdrawal of his appearance or a dismissal because the case had been well begun, the Court had ruled on dismissal motions, discovery was underway, and the named Plaintiffs wanted the case to go forward. Mr. Grygiel was seeking to, and believed he could find, a law firm that either would take over the case upon his departure from KB or, alternatively, would provide him the required legal, administrative and financial support necessary to continue to prosecute the case.

8.      Since leaving KB, Mr. Grygiel has not joined another firm. Although continuing to work on a few other cases in which numerous co-counsel are very actively involved and provide all administrative and other necessary support, Mr. Grygiel has no support staff. He does not have the resources required to litigate this case alone against Kilpatrick Stockton & Townsend, an international law firm with hundreds of lawyers, and against two subsidiaries of AT&T, an enormously wealthy corporate giant.

9.      The Law Offices of Douglas P. Solomon are engaged for Plaintiffs solely as local counsel for filing documents with the Court and to ensure compliance with local rules. *See* Local Rule 4(b)(3).

10.     Plaintiffs have actively prosecuted the case up until this point. *See* Stay Motion. For example, Mr. Grygiel flew, apparently at his own expense, to Atlanta, Georgia to take the

October 4, 2013 deposition of AT&T employee Arin LoPrete, seeking to keep the case moving forward, fulfilling counsels' duties to the named plaintiffs, absent class members, and to the Court, while at the same time looking for another firm with which to affiliate at least for purposes of this case to ensure the named Plaintiffs and absent class members receive proper representation.

11. On or about October 24, 2013 the Plaintiffs and Defendants filed, after discussion, a Joint Motion for Extension of Time [DE 70] requesting a consent order ("Consent Order"). The Consent Order enlarged the class certification discovery deadline by six (6) weeks with concomitant enlargement of all other deadlines.

12. The Court entered the Consent Order on or about October 28, 2013 [DE 71].

13. Since late August 2013 Plaintiffs, through Mr. Grygiel, have diligently sought to engage another firm to take over the case, or, at least, to affiliate with and support Mr. Grygiel. Four prospective firms reviewed materials from Mr. Grygiel and discussed the matter with him, but ultimately chose, for a variety of reasons, not to enter the case.

14. Yesterday, October 30, 2013, at approximately 4:30 Mr. Grygiel, who does not yet have Pacer or ECF access at his home office, learned that KB and ECZM had filed Withdrawal Motions [DE 68, 69] when local counsel forwarded a copy of the Court's Orders granting those Withdrawal Motions [DE 72, 73].[2]

**ARGUMENT**

15. Plaintiffs' Amended Complaint alleges that the named plaintiffs will fairly and adequately protect the interests of the class as Fed. R. Civ. P. 23(a)(4) requires. In contingency fee representative litigation, such fairness and adequacy depends in large measure on the ability

---

[2] This Motion and Memorandum are without prejudice to, and reserve all rights concerning, those Withdrawal Motions.

of well-funded and fully supported plaintiffs' counsel also to fairly and adequately represent the class. Such representation requires working with the named plaintiffs, meeting with them, preparing them for depositions, responding with them to respond to discovery requests and the like. *See, e.g.,* Fed. R. Civ. P. 23(g)(1)(B) (court discretion to evaluate any matter "pertinent to counsel's ability to fairly and adequately represent the class"). *See also* L. Mullenix, Complex Litigation: The New Rule 23(g), Univ. of Texas School of Law, Public Law and Legal Theory Research Paper Series, No. 437, Feb. 7, 2005 at 2 ("Rule 23(g) relates to the Rule 23(a)(4) threshold requirement concerning the adequacy of class representation."); *Hines v. Widnall*, (11th Cir. 2003) (listing "adequacy of counsel" as fourth element of Rule 23(a)); *Eisen v. Carlisle & Jacquelin*, 391 F. 2d 555, 562 (2d Cir. 1968) ("an essential concomitant of adequate representation is the party's attorney be…generally able to conduct the proposed litigation"); *Byes v. Telecheck Recovery Services, Inc.*, 173 F.R.D. 421, 425-26 (E.D. La. 1997) ("Generally, the adequacy requirement focuses on the competency of class counsel….").

16. Competency of counsel necessarily includes financial ability and legal and administrative support commensurate with the case. Mr. Grygiel, on his own, lacks the money or support required for this putative class action. Without well-funded plaintiffs' counsel with whom to work, named Plaintiffs cannot fairly be expected to be able to fairly and adequately protect the interests of the class.

17. Rule 23(g)(1)(B)'s language suggests that the Court's appointment of class counsel and assessment of counsel's ability "to fairly and adequately represent the interests of the class," comes after the certification decision. However, the Advisory Committee Note says that Rule 23(g) "will guide the court in assessing proposed class counsel as part of the certification decision." In any event, the undersigned counsel, without proper support or

funding, and absent the help of any law firm, cannot satisfy the resource commitment requirements of Fed. R. Civ. P. 23(g)(1)(A)(iv). That lack of resources prejudices the Plaintiffs' ability to win certification, even if certification is merited.

18. Similarly, in appointing class counsel the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Counsel's duty of candor to the tribunal, and duties to the named Plaintiffs and absent class members, compel recognition of this factor at this pre-certification stage. Without proper resources, support and funding, Mr. Grygiel cannot, alone, undertake continued litigation against deep-pocketed corporate defendants represented by an enormous law firm with tremendous resources.

19. Functionally, the Court's Orders granting the Withdrawal Motions, in the absence of any new firm entering the case for Plaintiffs, will operate as a *de facto* Order of Dismissal. With KB and ECZM completely out of the case, and no substitute firm(s) in place, Mr. Grygiel is left alone, without resources, to litigate against the AT&T Defendants and their large law firm.

20. Plaintiffs' Amended Complaint carefully tracked the Court's ruling on the Motions to Dismiss, raising no new claims, alleging no new facts. Defendants' Answer is largely a *pro forma* denial that asserts no counterclaims. Virtually nothing has changed between the time just before that October 15, 2013 Answer date and today. A dismissal by Court Order under Fed. R. Civ. P. 41(a)(2) – assuming no dismissal by stipulation (Fed. R. Civ. P. 41(a)(1)(ii) is filed - is fundamentally as warranted today as a unilateral dismissal by Plaintiffs' was just before the Answer.

21. The named Plaintiffs have discussed these facts with Mr. Grygiel by telephone and email on numerous occasions. They deeply regret having to dismiss their case. But the

named Plaintiffs have stated they understand and sympathize with Mr. Grygiel's position.  They understand he could have long ago withdrawn for good reason (*see* Local Rule 11.1(d)(3)), but continued instead to try to advance their case and find new counsel.  The named Plaintiffs knowingly and voluntarily agree to dismiss their claims.

22. Fed. R. Civ. P. 23(e)'s requirements governing voluntary dismissal are inapplicable here.  Rule 23(e)'s operation is expressly confined to claims of "a certified class."  None exists here.  Accordingly, only Rule 41 applies.

23. Plaintiffs have not previously sought a dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue its Order granting dismissal of the Amended Complaint under Rule 41(a)(1)(ii), or Rule 41(a)(2).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| STEPHEN G. GRYGIEL, ESQ. | DOUGLAS PAUL SOLOMON LAW OFFICES |
|---|---|
| /s/ Stephen G. Grygiel | /s/ Douglas P. Solomon |
| sggrygiel@yahoo.com | Douglas P. Solomon |
| 88 East Bergen Place | Florida Bar No. 225800 |
| Red Bank, NJ 07701 | DPSolomon@aol.com |
|  | 200 S.W. 1st Avenue, Suite 1200 |
| Co-Counsel for Plaintiffs | Fort Lauderdale, FL 33301 |
|  | Telephone:   954-525-4100 |

CASE NO.  0:12-cv-62080-RSR

Facsimile:     954-525-4300

Counsel for Plaintiffs

**SERVICE LIST**

| | |
|---|---|
| Scott A. Markowitz, Esq. | Audra A. Dial, Esq. |
| DeMahy, Labrador, Drake, Victor & Cabeza | adial@kilpatricktownsend.com |
| Florida Bar No. 16608 | William D. Meyer, Esq. |
| smarkowitz@dldlawyers.com | Kilpatrick, Townsend & Stockton, LLP |
| 6400 North Andrews Avenue, Suite 500 | 1100 Peachtree Street, NE, Suite 2800 |
| Fort Lauderdale, FL  33309 | Atlanta, GA  30309 |
| | |
| Attorneys for AT&T Digital Life, Inc. and AT&T Teleholdings, Inc. | Attorneys for AT&T Digital Life, Inc. and AT&T Teleholdings, Inc. |